IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HIV AND HEPATITIS POLICY
INSTITUTE, et al.,

                Plaintiffs,

v.

UNITED STATES DEPARTMENT OF
HEALTH AND HUMAN SERVICES,
et al.,

                Defendants.

No. 1:22-cv-2604

**DECLARATION OF ALYSSA DYKSTRA**

I, Alyssa Dykstra, hereby declare as follows:

1. I am above 18 years of age, and have personal knowledge of the following facts.

2. I have suffered direct monetary harm as a result of the copay accumulator program instituted by my health insurance plan, which I understand was authorized by the United States Department of Health and Human Services and Centers for Medicare and Medicaid Services in a rule titled *Patient Protection and Affordable Care Act; HHS Notice of Benefit and Payment Parameters for 2021; Notice Requirement for Non-Federal Governmental Plans*, 85 Fed. Reg. 29,164 (May 14, 2020).

3. Specifically, I take a prescription biologic medication called Cimzia, which costs about $3,000 for a one-month supply. I receive copay assistance from the manufacturer of Cimzia, UCB, through an assistance program called CIMplicity, which covers my entire out-of-pocket cost for the medication.

1

4. In mid-2022, I switched health insurance plans and, as I now know, the new plan included a copay accumulator program, which prevents the assistance I receive through the CIMplicity program from counting toward my annual deductible or out of pocket maximum. For 2022, my deductible was $2,800 and my out-of-pocket maximum was $4,500.

5. As a result of my insurance plan's copay accumulator, the funds I obtained through the CIMplicity program to cover my out-of-pocket Cimzia expenses for September through December of 2022 were not counted toward either my deductible or my out-of-pocket maximum. I therefore ultimately paid $4,500 dollars in other, out-of-pocket medical expenses before my insurer decided I had met my out-of-pocket maximum, and started covering my expenses at 100%.

6. Had my insurer not had a copay accumulator in place—and therefore had to count the roughly $3,000 per month I obtained from the CIMplicity program toward my deductible and out-of-pocket maximum, I would have reached my deductible within one month, and my out-of-pocket maximum within two months, and thus would not have had to pay that extra $4,500 out of pocket for my other, non-Cimza medical expenses in 2022.

7. The fact that my insurance plan includes a copay accumulator therefore directly caused me to pay roughly $4,500 out of pocket that I would not have had to pay, absent the copay accumulator.

8. I attempted to work with my husband's employer (through which I have my coverage) to find a plan for 2023 that did not contain a copay accumulator—but the employer reported that it was unable to find any plan that does not have one. I therefore remain on a plan with a copay accumulator in 2023.

9. Because I will continue to take Cimzia, with its ongoing cost of $3,000 per month, and will continue to receive manufacturer assistance through CIMplicity, this same situation will continue in 2023: I will again be required to pay additional money to reach my deductible and out-of-pocket maximum that I would not have to pay if the insurer counted the funds I obtain through the CIMplicity program against my deductible and out-of-pocket maximum.

10. The monetary harm to me from my plan's copay accumulator is therefore likely to continue indefinitely, so long as the plan continues to maintain and apply the copay accumulator.

I declare under penalty of perjury that the foregoing facts are true and correct to the best of my knowledge.

Executed this 30 day of January (month), 2023, at Lake Forest, California (city and state)

*Alyssa R. Dykstra*
Alyssa Dykstra