IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HIV AND HEPATITIS POLICY
INSTITUTE, et al.,

          Plaintiffs,

v.

UNITED STATES DEPARTMENT OF
HEALTH AND HUMAN SERVICES,
et al.,

          Defendants.

No. 1:22-cv-2604

**DECLARATION OF KATHERINE MERTENS**

I, Katherine Mertens, hereby declare as follows:

1. I am above 18 years of age, and have personal knowledge of the following facts.

2. I am a member of the Diabetes Patient Advocacy Coalition, or DPAC.

3. I have suffered direct monetary harm as a result of the copay accumulator program instituted by my health insurance plan, which I understand was authorized by the United States Department of Health and Human Services and Centers for Medicare and Medicaid Services in a rule titled *Patient Protection and Affordable Care Act; HHS Notice of Benefit and Payment Parameters for 2021; Notice Requirement for Non-Federal Governmental Plans*, 85 Fed. Reg. 29,164 (May 14, 2020).

4. Specifically, my 4-year-old son was diagnosed with type 1 diabetes as a baby; he now takes Novolog fast-acting insulin as a part of his treatment regimen, among other medications. Insulin is a necessary treatment to manage the effects of diabetes; he will therefore continue to require insulin injections indefinitely.

5. I utilize a copay card—that is, manufacturer copay assistance—from the manufacturer of Novolog to help pay for my son's ongoing insulin expenses.

6. My employer-provided health insurance plan does not count the manufacturer assistance I obtain through the copay card against my annual deductible; I understand that this is the result of the plan utilizing a copay accumulator. For 2022, the deductible for my family plan was $2,800; after we hit the deductible, we pay $20% coinsurance until we hit our out-of-pocket maximum of $7,900.

7. In 2022, we ultimately reached the $2,800 deductible, even though the insurer was not counting funds provided through manufacturer assistance against that tally. Because the insurer was not counting manufacturer assistance funds, however, we reached the deductible later than we otherwise would have, and therefore had to pay 100% for certain other, non-insulin medical expenses out of pocket—whereas we would have only had to pay the 20% coinsurance for those expenses had our deductible been deemed already met.

8. The fact that my insurance plan includes a copay accumulator therefore directly caused me to pay money out of pocket that I would not have had to pay, absent the copay accumulator.

9. Because my son will continue to require fast-acting insulin, with its associated ongoing costs, and because we will continue to obtain manufacturer assistance, this same situation will continue in 2023: We will again be required to pay additional money to reach our deductible that we would not have to pay if the insurer counted the funds I obtain through the insulin copay card program against the plan's deductible. Indeed, I have already used manufacturer copay assistance to pay for my son's Novolog multiple times in 2023, and my insurer continues not to count that assistance toward my deductible.

10. The monetary harm to me from my plan's copay accumulator is therefore likely to continue indefinitely, so long as the plan continues to maintain and apply the copay accumulator.

I declare under penalty of perjury that the foregoing facts are true and correct to the best of my knowledge.

Executed this __1__ day of __February_____, 2023, at __Columbia, MD_____
                                           (month)                                (city and state)

*Katherine Mertens* (signature)

Katherine Mertens