IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HIV AND HEPATITIS POLICY INSTITUTE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al.,<br><br>Defendants. | No. 1:22-cv-2604 |

## DECLARATION OF CYNTHIA REGAN

I, Cynthia Regan, hereby declare as follows:

1. I am above 18 years of age, and have personal knowledge of the following facts.

2. I have suffered direct monetary harm as a result of the copay accumulator program instituted by my health insurance plan, which I understand was authorized by the United States Department of Health and Human Services and Centers for Medicare and Medicaid Services in a rule titled *Patient Protection and Affordable Care Act; HHS Notice of Benefit and Payment Parameters for 2021; Notice Requirement for Non-Federal Governmental Plans*, 85 Fed. Reg. 29,164 (May 14, 2020).

3. Specifically, in mid-2022, I was prescribed and began taking Humira, an advanced biologic medication, for psoriasis and psoriatic arthritis.

4. When I attempted to pay for my Humira in part with a $500 manufacturer coupon, however, I discovered that my insurance plan has a copay accumulator that prevented that $500 from counting toward my deductible or out-of-pocket maximum.

1

5. For 2022, the deductible and out-of-pocket maximum for my employer-provided plan were both set at $6,350.

6. Thus, as a result of my plan's copay accumulator—which prevented the $500 of manufacturer coupon assistance from counting toward my deductible or out-of-pocket maximum—I was required to pay an extra $500 to other healthcare providers before my insurer considered the out-of-pocket maximum met for 2022, and began paying for my care at 100%.

7. The fact that my insurance plan includes a copay accumulator therefore directly caused me to pay money out of pocket that I would not have had to pay, absent the copay accumulator.

8. Because I expect to continue taking Humira, with its associated ongoing costs, for my health conditions, and because I will continue to obtain manufacturer assistance, this same situation will continue in 2023: I will again be required to pay additional money to reach my deductible and out-of-pocket maximum that I would not have to pay if the insurer counted the funds I obtain through manufacturer coupons against the plan's deductible and out of pocket maximum. For 2023, my deductible is $4,000; after I reach that deductible my plan covers expenses at 80% until I hit my out-of-pocket maximum of $6,550.

9. Indeed, in January of 2023 I paid for a fill of Humira using manufacturer assistance, and the explanation of benefits document issued by my insurer explicitly stated that the manufacturer assistance—which in this instance amounted to multiple thousands of dollars—would not be counted toward my deductible or out of pocket maximum. If these amounts counted toward my deductible and out-of-pocket maximum, I would reach the deductible in a matter of a few months based on my Humira prescription alone, after which my insurer would have to cover all of my medical expenses at 80%—and I would reach the out of pocket maximum in a few months more, after which the insurer would have to cover 100% of my medical expenses. But because the assistance is not being credited, I will instead be forced to pay fully out of pocket for any other medical expenses, just as was the case in 2022.

10. The monetary harm to me from my plan's copay accumulator is therefore likely to continue indefinitely, so long as the plan continues to maintain and apply the copay accumulator.

I declare under penalty of perjury that the foregoing facts are true and correct to the best of my knowledge.

Executed this 1st day of February, 2023, at Newtown, PA
                        (month)                      (city and state)

_Cynthia H Regan_
Cynthia Regan