IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HIV AND HEPATITIS POLICY INSTITUTE, et al.,<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al.,<br><br>　　　　　　　Defendants. | No. 1:22-cv-2604 |

**DECLARATION OF GEORGE HUNTLEY**

I, George Huntley, hereby declare as follows:

1.　　I am above 18 years of age, and have personal knowledge of the following facts.

2.　　I am the Chief Executive Officer (CEO) of the Diabetes Patient Advocacy Council (DPAC). I am also the CEO and a founding member of the Diabetes Leadership Council (DLC). I myself have been living with type 1 diabetes since 1983, and have been a formal advocate for the interests of people with diabetes for over thirty years.

3.　　DLC unites former leaders of national diabetes organizations, dedicated to securing effective, affordable health care and a discrimination-free environment for every person with diabetes. DLC is comprised of people with diabetes, parents of children with diabetes, allies and tireless volunteers dedicated to improving the lives of all people impacted by diabetes. DLC is "dedicated to securing effective, affordable health care and a discrimination-free environment for every person with diabetes." *See Who We Are*, DLC, https://diabetesleadership.org/who-we-are.

1

4. The expanding use of copay accumulators in insurance plans imposes significant harms on patients with chronic conditions, like diabetes, requiring regular use of often-expensive brand and specialty medications to manage their blood glucose levels and delay or prevent the onset of the devastating complications of diabetes including blindness, heart disease, kidney failure and amputations. Copay accumulators thus pose an issue of considerable importance to DLC.

5. To that end, in addition to extensive policy advocacy seeking to stop this unfair and exploitative practice, DLC has diverted significant resources towards direct services and awareness campaigns aimed at countering the harmful effects of copay accumulators on affected patient populations in the wake of HHS's and CMS's explicit approval of copay accumulators, regardless of generic availability, in the 2021 NBPP challenged in this lawsuit.

6. For example, Plaintiff DLC works to increase health-insurance literacy both within and outside the diabetes patient population, ensuring patients are better able to understand their options and plan their healthcare spending, including with respect to copay accumulators. DLC also works with individual employers, employer organizations, and benefit consultants to incorporate plan features beneficial to the diabetes community, such as deductible exemptions for insulin. This direct service activity, too, now focuses on copay accumulators.

7. DPAC is an alliance of people with diabetes, caregivers, patient advocates, health professionals, diabetes organizations and companies working collaboratively to promote and support public policy initiatives to improve the health of all 37 million Americans with diabetes. Its members include patients with diabetes who utilize manufacturer assistance and are harmed by copay accumulator programs.

8. The "Mission and Vision Statement" of DPAC is "[t]o ensure quality of and access to care, medications and devices for people living with diabetes; and to educate, inspire and empower patient advocates as well as lawmakers toward meaningful action on diabetes." *See About*, DPAC, https://www.diabetespac.org/about.

9. The expanding use of copay accumulators in insurance plans imposes significant harms on patients with chronic conditions, like diabetes, requiring regular use of often-expensive

brand and specialty medications to manage their blood glucose levels and delay or prevent the onset of the devastating complications of diabetes including blindness, heart disease, kidney failure and amputations. Copay accumulators thus pose an issue of considerable importance to DPAC.

10. To that end, in addition to extensive policy advocacy seeking to stop this unfair and exploitative practice, DPAC has diverted significant resources towards direct services and awareness campaigns aimed at countering the harmful effects of copay accumulators on affected patient populations in the wake of HHS's and CMS's explicit approval of copay accumulators, regardless of generic availability, in the 2021 NBPP challenged in this lawsuit. In particular, DPAC has developed a training program for its constituents on the impact of copay accumulators on diabetes patients and trains diabetes patients and family members to take charge and effectively advocate for their own interests at the state government level, including with respect to copay accumulator programs.

11. Plaintiff Katherine Mertens is a member of DPAC.

I declare under penalty of perjury that the foregoing facts are true and correct to the best of my knowledge.

Executed this 1st day of February, 2023, at Orlando, FL

_____
George Huntley (Feb 1, 2023 16:14 EST)

George Huntley