UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HIV AND HEPATITIS POLICY INSTITUTE et al., <br><br>     Plaintiffs, <br><br>     v. <br><br> UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES et al., <br><br>     Defendants. | Civil Action No. 22-2604 (JDB) |

## MEMORANDUM OPINION & ORDER

Plaintiffs, three individuals and three patient advocacy groups, challenged a rule promulgated by defendants, the U.S. Department of Health and Human Services ("HHS"), its component agency the Centers for Medicare and Medicaid Services, and the leadership of those agencies (collectively, the "agencies"). That rule, the "2021 NBPP," affirmatively permitted, but did not require, health insurance issuers and group health plans to decline to credit certain financial assistance provided to patients by drug manufacturers when calculating whether those patients have met their cost-sharing obligations under the Affordable Care Act. On September 29, 2023, this Court granted plaintiffs' motion for summary judgment, denied the agencies' cross-motion for summary judgment, vacated the challenged rule, and remanded the matter to the agencies. See HIV & Hepatitis Pol'y Inst. v. U.S. Dep't of Health & Hum. Servs., Civ. A. No. 22-2604 (JDB), 2023 WL 6388932 (D.D.C. Sept. 29, 2023) [ECF No. 42] ("SJ Op."); Summ. J. Order [ECF No. 41]. The agencies now move for clarification of the scope of the Court's decision. For the reasons that follow, the Court will grant the motion.

**Background**

The Court assumes familiarity with its prior opinion and the factual and procedural history set forth therein. As relevant here, the Court vacated the rule challenged by plaintiffs and remanded to the agencies for further consideration. Summ. J. Order; SJ Op. at *14.[1] The Court also noted that "[s]hould the agencies need further clarification as to what rule is in effect while they consider the matter on remand, they may seek guidance from the Court." SJ Op. at *14 n.5.

On November 27, 2023, the agencies filed a motion to clarify the scope of the Court's order. Defs.' Conditional Mot. to Clarify [ECF No. 43] ("Mot."). The agencies indicate their intent "to address, through rulemaking, the issues left open by the Court's opinion" and to refrain from "tak[ing] any enforcement action against issuers or plans based on their treatment of such manufacturer assistance" pending the issuance of a new final rule. Id. at 2. They seek to "clarif[y]" their understanding of the Court's decision as "vacat[ing] the relevant portion of the 2021 NBPP but . . . not order[ing] any additional relief." Id. In particular, they seek confirmation that the Court's order does not "require HHS to take enforcement action." Id.

The next day, the agencies filed a notice of appeal to the D.C. Circuit. Notice of Appeal [ECF No. 44].

On December 11, 2023, plaintiffs filed their own notice of appeal. Notice of Appeal [ECF No. 46]. They also opposed the agencies' motion to clarify. Pls.' Resp. to Mot. [ECF No. 47] ("Opp'n"). Plaintiffs argue that the Court's vacatur of the 2021 NBPP restores the prior rule and that the agencies' newly announced nonenforcement policy is unlawful. See id. at 3–10.

The agencies filed a reply in support of their motion, Defs.' Reply in Further Supp. of Mot. [ECF No. 49] ("Reply"), and plaintiffs filed a motion for leave to file a surreply, Mot. for Leave

---

[1] Citations to the Court's prior opinion follow the Westlaw pagination.

to File Surreply & Surreply [ECF No. 50].  The agencies have indicated that they oppose plaintiffs' motion for leave to file a surreply but will not file a separate opposition.  Id. at 1.  The agencies' motion to clarify is thus fully briefed and ripe for decision.

## Legal Standard

"A 'motion for clarification' is not a formal creature of civil procedure; it appears nowhere in the Federal Rules."  All. of Artists & Recording Cos. v. Gen. Motors Co., 306 F. Supp. 3d 413, 418 (D.D.C. 2016).  Even so, courts generally "permit parties to tender motions that beseech the court 'to explain or clarify something ambiguous or vague' about a ruling."  Id. (quoting United States v. Philip Morris USA, Inc., 793 F. Supp. 2d 164, 168 (D.D.C. 2011)).  Such motions "have a limited role," and are not a proper vehicle for "seek[ing] to alter or modify the result" of the prior ruling.  Steele v. United States, Civ. A. No. 14-1523 (RCL), 2023 WL 6215790, at *5 (D.D.C. Sept. 25, 2023) (quoting Sai v. Transp. Sec. Admin., Civ. A. No. 14-403 (RDM), 2015 WL 13889866, at *3 (D.D.C. Aug. 19, 2015)).

## Analysis

### I.   Jurisdiction

The Court will first consider whether it has jurisdiction to entertain the agencies' request.  Neither party disputes the Court's jurisdiction—plaintiffs address this issue briefly in a footnote, while the agencies do not address it at all.  See Opp'n at 3 n.1; see generally Mot.; Reply.[2]

An appeal generally "divests the district court of its control over those aspects of the case involved in the appeal."  Coinbase, Inc. v. Bielski, 143 S. Ct. 1915, 1919 (2023) (quoting Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) (per curiam)); see also 16A Wright

---

[2] Because the Court will conclude that it has jurisdiction, it need not reach the question whether jurisdiction is waivable or forfeitable in this situation.

& Miller, <u>Federal Practice and Procedure</u> § 3949.1 (5th ed. April 2023 update) ("Wright & Miller").[3]  However, this is "not a per se rule," but rather "a judicially crafted rule rooted in the interest of judicial economy, designed 'to avoid confusion or waste of time resulting from having the same issues before two courts at the same time.'"  <u>United States v. Rodgers</u>, 101 F.3d 247, 251 (2d Cir. 1996) (quoting <u>United States v. Salerno</u>, 868 F.2d 524, 540 (2d Cir. 1984)).  Hence, "its application is guided by concerns of efficiency and is not automatic."  <u>Id.</u>  District courts generally retain jurisdiction to act "in aid of the appeal," including by clarifying an ambiguity in the appealed-from decision.  <u>See, e.g.</u>, <u>United States v. Viola</u>, 555 F. App'x 57, 59–60 (2d Cir. 2014); <u>Lytle v. Griffith</u>, 240 F.3d 404, 407 n.2 (4th Cir. 2001); <u>Barnstead Broad. Corp. v. Offshore Broad. Corp.</u>, 869 F. Supp. 35, 38–39 (D.D.C. 1994); <u>see generally</u> Wright & Miller.  Applying that principle to the particular circumstances here—where the Court specifically invited the agencies to seek clarification if necessary, the agencies did so prior to noticing their appeal, the relief sought is clarification of ambiguity rather than a substantive alteration, and the appeal is still in its infancy—the Court concludes that it may properly consider the agencies' motion.

## II.  Merits

### A.  Effect of Vacatur of 2021 NBPP

The Court's prior decision vacated the 2021 NBPP but did not explicitly specify what rule was in effect on remand.  <u>See</u> SJ Op. at *14 n.5; <u>cf. id.</u> at *6 (alluding to fact that prior rule would

---

[3] Had the agencies filed their motion to clarify within 28 days of entry of the Court's judgment, the Court could arguably have construed the motion as made under Federal Rule of Civil Procedure 59 or 60 so as to retain jurisdiction pending the disposition of the motion.  Federal Rule of Appellate Procedure 4(a)(4)(B)(1) provides that "[i]f a party files a notice of appeal after the court . . . enters a judgment—but before it disposes of [certain timely post-judgment motions]—the notice becomes effective to appeal . . . when the order disposing of the last such remaining motion is entered."  Fed. R. App. P. 4(a)(4)(B)(1).  These post-judgment motions include timely filed motions under Federal Rules of Civil Procedure 59 and 60 (the latter if "filed within the time allowed for filing a motion under Rule 59").  <u>Id.</u> 4(a)(4)(A).  The relevant time period under Rule 59 is 28 days.  Fed. R. Civ. P. 59(b), (e).  Here, however, the agencies filed their motion outside of this 28-day window so the motion cannot toll the effective date of their notice of appeal.

govern on remand).  Clarification of this ambiguity is warranted.  <u>See, e.g.</u>, <u>All. of Artists &</u> <u>Recording Cos.</u>, 306 F. Supp. 3d at 418.

The effect of vacatur is to "reinstate the rules previously in force."  <u>Georgetown Univ.</u> <u>Hosp. v. Bowen</u>, 821 F.2d 750, 757 (D.C. Cir. 1987) (cleaned up) (quoting <u>Action on Smoking &</u> <u>Health v. CAB</u>, 713 F.2d 795, 797 (D.C. Cir. 1983)), <u>aff'd</u>, 488 U.S. 204 (1988); <u>see also, e.g.</u>, <u>Am. Great Lakes Ports Ass'n v. Zukunft</u>, 301 F. Supp. 3d 99, 103–04 (D.D.C. 2018), <u>aff'd sub</u> <u>nom. Am. Great Lakes Ports Ass'n v. Schultz</u>, 962 F.3d 510 (D.C. Cir. 2020); <u>Nat'l Parks</u> <u>Conservation Ass'n v. Jewell</u>, 62 F. Supp. 3d 7, 21 (D.D.C. 2014).  As the Court has previously noted, there is some tension in D.C. Circuit case law on this point.  <u>See AFL-CIO v. Chao</u>, 496 F. Supp. 2d 76, 83 n.1 (D.D.C. 2007) (discussing <u>Small Refiner Lead Phase-Down Task Force v.</u> <u>U.S. E.P.A.</u>, 705 F.2d 506, 545 (D.C. Cir. 1983)).  But the weight of circuit precedent favors the reinstatement-on-vacatur principle, and this principle is also "consistent with the unanimous body of law from other circuits."  <u>Id.</u>  In any event, here the agencies never argued that vacatur did not restore the prior rule.

The prior (and thus reinstated) rule is the "2020 NBPP."  <u>See</u> Patient Protection and Affordable Care Act; HHS Notice of Benefit and Payment Parameters for 2020, 84 Fed. Reg. 17454, 17568 (April 25, 2019) (previously codified at 45 C.F.R. § 156.130(h) from June 24, 2019 to July 12, 2020).[4]  The Court expresses no view on plaintiffs' proffered interpretation of this rule. <u>See</u> Opp'n at 4–5.

---

[4] The Court agrees with plaintiffs' position (uncontested by the agencies) that, by its own terms, the nonenforcement policy announced in August 2019 expired upon issuance of the 2021 NBPP.  <u>See</u> Opp'n at 5 n.2; Admin. Rec. [ECF No. 40-2] at 4321 ("Until the 2021 NBPP is issued and effective, the Departments will not initiate an enforcement action . . . .").

### B. Nonenforcement Policy

The Court's prior decision vacated the 2021 NBPP.  It did not purport to interpret the 2020 NBPP or to rule on the legality of any nonenforcement policy.  And for good reason: these issues were not before the Court.  Plaintiffs' amended complaint challenges only the 2021 NBPP.  <u>See</u> Am. Compl. [ECF No. 10] at 28–29; <u>see also, e.g.</u>, Reply Supp. Pls.' Mot. for Summ. J. & Opp'n to Defs.' Cross-Mot. [ECF No. 32] at 11 ("[T]he statutory validity of the pre-existing regulations [i.e., the 2020 NBPP] is simply not at issue in this case.").

Plaintiffs take issue with the agencies' apparent announcement, in their motion to clarify, of a new nonenforcement policy.  <u>See</u> Mot. at 2; Opp'n at 6–9.  The lawfulness of any such policy is not properly before the Court on the present motion to clarify.  A ruling on this issue would go far beyond merely "clarify[ing] something ambiguous or vague" in the Court's prior decision.  <u>All. of Artists & Recording Cos.</u>, 306 F. Supp. 3d at 418 (quoting <u>Philip Morris USA, Inc.</u>, 793 F. Supp. 2d at 168); <u>see</u> <u>Steele</u>, 2023 WL 6215790, at *5.  Hence, the Court declines to reach this question, and expresses no view on it.

*          *          *

For the foregoing reasons, and upon consideration of the entire record herein, it is hereby

**ORDERED** that [50] plaintiffs' motion for leave to file a surreply is **GRANTED**; and it is further

**ORDERED** that [43] defendants' motion to clarify [41] [42] the Court's September 29, 2023 order and memorandum opinion is **GRANTED**.


/s/
JOHN D. BATES
United States District Judge

Dated: <u>December 22, 2023</u>